1  TIMOTHY J. LONG (State Bar No. 137591)
   JAMES E. HOUPT (State Bar No. 187878)
2  STACY E. DON (State Bar No. 226737)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  400 Capitol Mall, Suite 3000
   Sacramento, CA 95814-4497
4  Telephone: (916) 447-9200
   Facsimile: (916) 329-4900
5  E-mail: tjlong@orrick.com
           jhoupt@orrick.com
6          sdon@orrick.com

7  Attorneys for Plaintiff
   U.S. Bancorp Equipment Finance, Inc.
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11              SOUTHERN DIVISION    **NOTE CHANGES MADE BY THE COURT**

12

13 U.S. BANCORP EQUIPMENT          Case No. SACV08-00571 AG (JWJx)
   FINANCE, INC., an Oregon
14 corporation,                    **STIPULATED PROTECTIVE
                                   ORDER; [PROPOSED] ORDER
15              Plaintiff,         THEREON**

16        v.

17 IRWIN COMMERCIAL FINANCE         NOTE CHANGES MADE BY THE COURT
   CORPORATION, EQUIPMENT
18 FINANCE, an Indiana corporation,
   ALAN P. BELLANCA, an individual,
19 and DOES 1 through 10,

20              Defendants.

21

22

23

24

25

26

27

28

TO THE HONORABLE COURT, AND ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:

This Stipulation is proposed pursuant to Federal Rule of Civil Procedure 26(c) by and between Plaintiff U.S. Bancorp Equipment Finance, Inc. and Defendants Irwin Commercial Finance Corporation, Equipment Finance, and Alan P. Bellanca (collectively the "Parties"). To protect Information considered by one or more of the Parties to constitute confidential, proprietary and/or trade secret Information, the Parties hereby stipulate, subject to approval and entry by the Court, to the following Stipulated Protective Order ("Protective Order"):

1. **Definitions**.

   A. "Information" is defined to mean (1) documents, discovery responses, deposition transcripts, deposition videotapes, DVDs, testimony, and other information or material produced or exchanged in the course of this case whether in written or electronic form; (2) any copies, notes, abstracts, or summaries of material produced or exchanged in the course of this case; and (3) any pleading, motion, brief, declaration, affidavit, transcript, or filing containing such Information.

   B. Any party may designate Information as CONFIDENTIAL only when the party reasonably believes the Information is confidential, secret, private, and/or proprietary.

   C. Any party may designate Information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only when the party reasonably believes that the Information is so commercially and competitively sensitive that it meets the definition of a trade secret pursuant to California Civil Code § 3426(d) and there is a substantial risk of serious injury that cannot be avoided by less restrictive means.

   ///
   ///

**2. Designation Of Information.**

A. Any party may designate any Information furnished or disclosed to another party or its counsel during discovery or at any stage of this lawsuit as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms in this Order.

B. Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall subject that material to the provisions of this Order.

C. Marking Produced Documents and Exhibits.

(1) The designating party shall identify documents used or produced as CONFIDENTIAL, by marking each page as follows: "CONFIDENTIAL – SUBJECT TO A COURT ORDER."

(2) The designating party shall identify documents used or produced as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, by marking each page as follows: "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO A COURT ORDER."

(3) Rather than marking the original of a document, the designating party may mark the copy that is produced or exchanged.

E. Marking Other Produced Objects. Any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or objects (other than paper documents) produced in a non-paper media (e.g. videotape, audiotape, computer disk, etc.) may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by labeling the outside of such non-paper media or object, as appropriate: "CONFIDENTIAL – SUBJECT TO A COURT ORDER or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO A COURT ORDER." If a Party makes a designation with respect to any non-paper media, the designation shall apply to all of the Information contained therein. In the event that the receiving party generates any hard copy, transcription,

or printout from any such designated non-paper media, the receiving party must immediately mark each page "CONFIDENTIAL – SUBJECT TO A COURT ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO A COURT ORDER," as appropriate, and the hard copy, transcription or printout shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, as designated.

   F. Depositions.

     (1) A party may designate Information disclosed at the deposition of a witness on the record as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Transcripts of testimony so designated during the deposition may, at the option of any party, be appropriately marked and bound separately.

     (2) A party also may designate Information disclosed at depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by notifying counsel for all the parties, in writing, within fourteen (14) days of receipt of the deposition transcript, of the specific transcript pages and lines containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

     (3) Whenever, during the course of a deposition, a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY document is used by the examining attorney, only the witness and those parties permitted access to such Information pursuant to this Order shall be permitted to view the document.

   G. The inadvertent or unintentional production of Information containing confidential, proprietary and/or trade secret Information, without being designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of the production, shall not be deemed a waiver, in whole or in part, of a party's claim to the confidentiality or secrecy of the documents

produced. A party must correct any designation error as soon as reasonably possible after the designating party becomes aware of the error by advising in writing the persons to whom such Information has been disclosed or produced. The party making the designation must provide another copy of the Information that bears the new and correct designation to persons who may properly receive such Information under this Order. All persons who received such Information in error shall immediately return all such Information to the producing party.

        H.    Any party may designate material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY after production by advising in writing the persons to whom such Information has been disclosed or produced. If the party originally produced the Information without a designation intentionally, and not inadvertently, any new designation applies only as of the date and time of receipt of notice by each person notified. The party making the designation must provide another copy of the Information that bears the new and correct designation to persons who may properly receive such Information under this Order. All persons who originally received such Information, but who are no longer permitted to view such Information under the new designation, shall immediately return all such Information to the producing party.
Restrictions on Use and Disclosure.

      3.    **Restrictions on Use and Disclosure.**

        A.    Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in confidence by the outside counsel to which it is furnished.

        B.    Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY produced by any party during this case shall be used by outside counsel and the authorized persons to whom it is disclosed only for the purposes of this litigation and for no other purpose whatsoever.

1    C. Nothing in this Order will prevent disclosure beyond the terms
2 of this Order if the party designating the Information as CONFIDENTIAL or
3 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY consents in writing or
4 on the record to such disclosure, or if the Court orders the disclosure. Further,
5 nothing in this Order will prevent disclosure to persons that are reflected as having
6 been copied on, and/or actually received, reviewed, and/or authored the
7 Information.
8    D. Except as agreed to by the designating party (or its counsel), or
9 as otherwise provided by this Order, access to CONFIDENTIAL Information will
10 be restricted to the following authorized persons:
11     (1) the Court and Court personnel;
12     (2) the Parties, including officers, directors, attorneys, or
13 employees of a party deemed necessary by counsel to aid in the prosecution,
14 defense, or settlement of this action;
15     (3) counsel for a party, including regular and temporary
16 employees, paralegal, clerical, and secretarial staff of such counsel to whom it is
17 necessary that the Information or material be shown for the purposes of this
18 litigation;
19     (4) experts or consultants (including their clerical staff)
20 retained by or on behalf of a party in this litigation to assist in the prosecution,
21 defense or settlement of this action;
22     (5) independent third party graphics or design services
23 retained by counsel for a party for purposes of preparing demonstrative or other
24 exhibits for deposition, trial or other court proceedings in this action;
25     (6) independent third party copy or document management
26 services retained by counsel for a party for purposes of copying or preparing
27 documents for this action;
28 ///

1	    (7) court reporters and videographers employed in connection
2	with this action;
3	    (8) persons giving deposition or trial testimony relating to the
4	subject Information; and
5	    (9) any other person who is later designated either by
6	(i) agreement of all the parties or (ii) by order of the Court.
7	  E. Except as agreed to by the designating party (or its counsel), or
8	as otherwise provided by this Order, access to HIGHLY CONFIDENTIAL –
9	ATTORNEYS' EYES ONLY Information will be restricted to the following
10	authorized persons:
11	    (1) the Court and Court personnel;
12	    (2) counsel for a party, including regular and temporary
13	employees, paralegal, clerical, and secretarial staff of such counsel to whom it is
14	necessary that the Information or material be shown for the purposes of this
15	litigation;
16	    (3) experts or consultants (including their clerical staff)
17	retained by or on behalf of a party in this litigation to assist in the prosecution,
18	defense or settlement of this action;
19	    (4) independent third party graphics or design services
20	retained by counsel for a party for purposes of preparing demonstrative or other
21	exhibits for deposition, trial or other court proceedings in this action;
22	    (5) independent third party copy or document management
23	services retained by counsel for a party for purposes of copying or preparing
24	documents for this action; and
25	    (6) court reporters and videographers employed in connection
26	with this action;
27	    (7) persons giving deposition or trial testimony relating to the
28	subject Information; and

1            (8)    any other person who is later designated either by
2  (i) agreement of all the parties or (ii) by order of the Court.
3      F.    Except for the Court and Court personnel, each person to whom
4  disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'
5  EYES ONLY is made shall be provided and required to read and sign a copy of this
6  Order before disclosure of such Information is made to that person. A copy of the
7  signed agreement shall be provided to and maintained by counsel who intends to
8  make such disclosure.
9      G.    This Protective Order has no effect upon, and shall not apply to,
10 a party's use or disclosure of its own Information for any purpose. Nothing
11 contained herein shall impose any restrictions on the use or disclosure by a party of
12 documents, information or material designated as "Confidential" or "Highly
13 Confidential - Attorneys' Eyes Only" obtained lawfully by such party
14 independently of any proceedings in this action, or which:
15           (1)    was already known to such party by lawful means prior to
16 acquisition from, or disclosure by, the other party in this action;
17           (2)    is or becomes publicly known through no fault or act of
18 such party; or
19           (3)    is rightfully received by such party from a third party,
20 which has authority to provide such information or material, and without restriction
21 as to disclosure.
22     H.    Before using or disclosing at hearing or trial any document or
23 Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL –
24 ATTORNEYS' EYES ONLY, the party intending to use or disclose such document
25 or Information shall provide notice to the designating party and provide the
26 designating party the opportunity to object to the use or disclosure of such
27 document at a public hearing, and to request a limited use or disclosure to protect
28 the confidential nature of such document or Information, such as a request that the

use or disclosure be made only in a closed courtroom or in camera. Upon such objection, the designating party must file a motion to establish good cause for the submission or filing of the redacted or omitted material under seal. If the designating party fails to object or if the Court after notice and hearing denies the motion to seal, the party intending to use such document or Information may submit or file the document without omission or redacting, or with such omission or redacting as the Court requires. If the Court orders that any document or Information be sealed, the party submitting or filing such document or Information shall provide to the Court clerk any such document or Information in the form and manner that the clerk requires to ensure the segregation of such document or Information from the public docket of the case. Nothing in this section is meant to limit any party's use or disclosure at hearing, at trial or in any proceeding in the litigation by properly submitting same under seal.

### 3. Challenge To Designation.

A. A party receiving an item designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may object to such designation at any time. All such objections to designations must be in writing and served on all counsel of record. The objecting party may seek appropriate relief from the Court by filing its objections with the Court and serving a copy on all counsel of record. Any party may file a response to the objection within ten (10) court days of service of the objection. Said response will be filed with the Court and served on all other counsel of record at the time of the filing. If the parties cannot resolve the matter among themselves, any party may notify the Court of that fact, and the parties agree that the Court may, in its discretion, resolve the disputed issue, or that the Court may require the parties to submit the matter by noticed motion and briefing in compliance with Local Rules 37-1 and 37-2.

B. Notwithstanding any challenge to the designation of Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY, all Information so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(1) the party or non-party who claims that the Information is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY withdraws such designation in writing; or

(2) the party or non-party who claims that the Information is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY fails to oppose the written objection of the non-designating party within the time period specified above after receipt of a written challenge to such designation; or

(3) the Court determines the Information is not properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

4. **No Admission Implied**.

The authorization contained in this Order to designate any Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is intended solely to facilitate the settlement, trial preparation (including discovery), and trial of this lawsuit, and the designation will not be construed in any way as an admission or agreement by any party that the Information constitutes or contains confidential Information as a matter of law. This Order does not abrogate or diminish any contractual, statutory, or other legal privilege or protection of a party or person with respect to any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.

5. **Discovery from Third Parties**.

When documents, testimony, or other Information is sought in discovery in this suit from a person (including any business entity) who is not a party to this suit ("Third Party"), and the Third Party reasonably believes that the Information sought constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, the Third Party may designate the

1  Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'
2  EYES ONLY under the provisions of this Order.

3     6.   **Conclusion of Suit**.

4        Within sixty (60) days after the entry of a final judgment in this suit,
5  from which no appeal has been or can be taken, or after settlement of this suit, all
6  documents containing CONFIDENTIAL or HIGHLY CONFIDENTIAL –
7  ATTORNEYS' EYES ONLY Information must be either:

8        A.   delivered by the receiving party to the outside counsel of record
9  for the producing party; or

10       B.   destroyed, and counsel for the receiving party will notify the
11 producing party that all of the documents have been destroyed.

12       Counsel for each Party may maintain one archival copy of depositions,
13 exhibits, transcripts, trial exhibits, and transcripts, and documents and Information
14 included in submissions to the Court.

15    7.   **Survival**.

16       The terms and conditions of this Order will remain in full force and
17 effect and will survive the final resolution of this litigation unless this Order is
18 terminated or modified in writing by the parties or by order of the Court.

19    8.   **Miscellaneous Provisions**.

20       A.   This Order may only be modified (1) by mutual agreement of all
21 interested parties on the record during a deposition or hearing, (2) by a written
22 agreement signed by all interested parties, or (3) by ~~subsequent~~ order of this Court.

23       B.   This Order may be executed in counterparts, and, when one or
24 more counterparts has been signed by each party, each shall be deemed an original
25 and shall constitute one and the same instrument.

26 ///   *The Court and its personnel shall not be bound*
27 ///   *by any provision of this agreement.*
28 ///

1 | So stipulated.

2 | Dated: 11/25, 2008

TIMOTHY J. LONG
JAMES E. HOUPT
STACY E. DON
ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ James E. Houpt*
James E. Houpt
Attorneys for Plaintiff
U.S. Bancorp Equipment Finance, Inc.

Dated: 11/26, 2008

STEPHEN KAUS
LEILA C. KNOX
COOPER, WHITE & COOPER LLP

*/s/ Stephen Kaus*
Stephen Kaus
Attorneys for Irwin Commercial Finance
Corporation, Equipment Finance

Dated: 11/26, 2008

DAVID E. OUTWATER
OUTWATER & PINCKES, LLP

*/s/ David E. Outwater*
David E. Outwater
Attorney for Defendant Alan P. Bellanca

IT IS SO ORDERED:

SIGNED on December 1, 2008

UNITED STATES DISTRICT JUDGE
MAGISTRATE

EXHIBIT A

**AGREEMENT CONCERNING CONFIDENTIAL INFORMATION**

I have been designated by _____ as a person authorized to receive Information subject to the terms of the Stipulated Protective Order. I have received a copy of the Stipulated Protective Order in this action. I have carefully read and I understand the provisions of the Stipulated Protective Order. I agree to comply with all provisions of the Stipulated Protective Order. Individually, and on behalf of _____ [INSERT NAME OF EMPLOYER], I agree to be bound by the terms of the Stipulated Protective Order.

Signature: _____

Print Name: _____

Date Signed: _____